DONALD BENALLY

Appellant

vs.

RAYMOND L. LANCER, JAKE ANTONE, WILLIAM TSOSIE,
WADE HADLEY, LOUVA DAHOZY, LENNIE ROBERTSON,
LOUISE BLUEEYES, RICHMOND HOBSON, RICHARD SINGER,
BYRON TSINNIGINE: THE NAVAJO BOARD OF ELECTION SUPERVISORS

Appellees

Decided on November 9, 1978

Eric Eberhard, Albuquerque, New Mexico, and Reynold Harrison,
 Shiprock, New Mexico, for Appellant

Lawrence Ruzow, Vlassis, Ruzow & Crowder, Phoenix, Arizona,
 for Appellees

Before NESWOOD, Acting Chief Justice, BECENTI and WILSON,
 Associate Justices

PER CURIAM

I.

On August 9, 1978, a primary election was held throughout the Navajo Nation to select candidates for the Chairman of the Navajo Tribal Council and to select candidates for Navajo Tribal Councilman. In the Shiprock Chapter, the voters selected Donald Benally, Jimmy Bidtah and Virgil Kirk, Sr. as the candidates for the two Navajo Tribal Council positions. The results were certified by the Navajo Board of Election Supervisors on August 22, 1978.

On August 1, 1978, three members of the Shiprock com-

munity, Perry Garnenez, Calvin Coolidge and Carl Todacheene, wrote the Board stating that the Appellant was not thirty years of age and therefore was not qualified to be a candidate for Tribal Councilman.

Mr. Raymond Lancer wrote the Appellant on August 16, 1978, stating that a complaint had been filed and giving Mr. Benally ten days to answer the complaint and request a hearing.

The Appellant responded on August 17, 1978, stating that he was qualified, and stating that others under the age of thirty had been allowed to serve on the Tribal Council. Mr. Benally also submitted various affidavits and documentary evidence in an attempt to prove he was thirty.

On August 21, 1978, Mr. Lancer wrote the Appellant that a hearing would be held on August 29, 1978.

Subsequently, the three complaining parties withdrew their complaint, but the Board of Election Supervisors proceeded with the matter on its own initiative.

On September 5, 1978, an opinion of the Board of Election Supervisors was issued disqualifying Donald Benally from being a candidate on the grounds that he was not thirty years of age. The Board stated in its opinion that it had jurisdiction pursuant to 11 NTC 51-52 and the Rules and Regulations for Disqualification Proceedings adopted

by the Board. The opinion bore only Mr. Lancer's signature and did not state whether the other members of the Board agreed with or disagreed with the opinion.

Appellant filed his appeal with this Court on September 8, 1978, and a full hearing was held on October 5, 1978.

II.

This Court has limited the issue before this Court to a determination of whether the Board of Election Supervisors possessed the authority to disqualify a candidate.

III.

Prior to the Primary Election, a special pamphlet was issued entitled "Navajo Tribal Code, Title 11; Election Law of The Navajo Nation, 1978 Edition". The special pamphlet was apparently printed by the Navajo Board of Election Supervisors. This special pamphlet contains the entire election law of the Navajo Nation, comprised of resolutions CMA-32-74, CJY-70-74, CMY-42-78 and CJN-49-78.

The special pamphlet contains its own numbering system for the sections, which are not identical to that of the Navajo Tribal Code, 1969 or 1977 editions. However, the sections in this special pamphlet, by implication, repealed Title 11 as contained in the 1969 and 1977 editions of the Code. For example, 11 NTC 4 (1969 edition) is reprinted as 11 NTC 1.2 in the 1978 special pamphlet.

Therefore, the Board of Election Supervisors cannot rely on 11 NTC 51 and 11 NTC 52 (1969 edition) as a bases for their authority to decide candidate qualifications and to disqualify persons duly selected from running for office.

The specific power of the Board of Election Supervisors is contained in 11 NTC 1.6 which states in part:

A. The Board of Election Supervisors of the Navajo Tribe is hereby established as a continuing body having the duty of maintining the register of voters of the Navajo Tribe, of conducting all Tribal Elections, general and special, for the purpose of choosing a Chairman, Vice-Chairman, Members of the Navajo Tribal Council, and of deciding disputes arising in connection with Tribal elections.

No other part of the election law specifically grants the Board of Election Supervisors the power to disqualify candidates.

The power granted to the Board in the section reprinted above was to conduct all elections and decide disputes arising therefrom.

The Board's own rules and regulations state that only certain parties may initiate an election contest:

A.   The only parties entitled to initiate an election contest shall be:

(1)  A person who was a candidate for the same office at the election whose result he wishes to contest, with respect to the Primary and General elections;

(2)  A registered voter from the election community with respect to chapter nominations for council delegate; or

(3)  A registered voter with respect to declarations of candidacy for the Office of Chairman, Navajo Tribal Council.

Because the three original contestants withdrew their petitions, the only party bringing the action was the Board itself. Thus, no proper party was bringing an election contest and the Board therefore cannot claim jurisdiction based on the above section.

Lacking the power to initiate an election contest on its own, the only manner in which the Board could proceed was if they possessed disqualification powers.

As was stated earlier in this opinion, the Navajo Tribal Council did not give the Board of Election Supervisors disqualification powers under the law governing the 1978 election. The reason the Tribal Council did not grant the Board this power is obvious:   If the

Board did possess the power to initiate disqualifications and decide them, the Board would be the prosecutor, investigator and judge. The problem with that kind of procedure is obvious from this case where counsel for the Board acted as a prosecutor, and then aided, or his law partner aided, the Board in arriving at a decision. In the opinion of this Court, the actions of the Board's Counsel in this case violates Canon Nine of the Code of Professional Responsibility which states:

> A Lawyer Should Avoid Even the
>
> Appearance of Professional
>
> Impropriety

More specifically, DR 9-101 states in part:

> DR 9-101 Avoiding Even the Appearance of Impropriety.
>
> (A) A Lawyer shall not accept private employment in a matter upon the merits of which he has acted in a judicial capacity.

By aiding the Board in arriving at its decision, or by having or allowing his partner or subordinates to aid the Board, the Court feels that the Board's counsel violated this disciplinary rule.

Apparently, the Board claims that the disqualification proceeding was proper under the authority granted to decide "election disputes". Because the Board's own rules require a contesting party and the Board cannot be a contesting party, it is evident that no dispute exists.

What is also obvious is that the Board could not even adopt rules allowing the Board itself to be a contesting party because that would exceed the grant of authority given the Board. It is well settled that the Board cannot on its own extend its jurisdiction. Federal Trade Commission v. Raladam Co., 283 U.S. 643, 75 L.Ed. 1324 (1931); Greeley v. Thompson, 10 How (U.S.) 225, 13 L.Ed. 397.

IV.

It is the opinion of this Court, for the reasons stated, that the Board of Election Supervisors was without the authority to initiate disqualification proceedings on its own and without authority to disqualify any candidate. The question of whether the Board should possess the authority is a question which should be addressed by the Navajo Tribal Council.

The decison of the Board of Election Supervisors, issued September 5, 1978, is REVERSED.

The special pamphlet entitled "Navajo Tribal Code, Title 11; Election Law of the Navajo Nation, 1978 Edition" is recognized as the complete election law of the Navajo Nation, repealing Title 11, Chapter 1, 1969 and 1977 editions of the Navajo Tribal Code.

The Board of Election Supervisors is ordered to place Donald Benally's name on the ballot as a candidate for Shiprock Tribal Councilman.

This written opinion supercedes the "Findings and Order" issued in this case on October 12, 1978.

BECENTI, Associate Justice, concurring in the result

I do not reach the question of whether or not the Board of Election Supervisors possesses the power to disqualify a candidate.

In my opinion the documentary evidence submitted by all sides to this controversy is of questionable validity. Record keeping on the Navajo Nation has been poor over the years, and I do not feel this Court should rely on any of this "evidence" as a result. Thus, I must accept Donaly Benally's word that he is thirty years of age.

I therefore agree with the result reached by my colleagues ordering Mr. Benally's name into the ballot.